UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRANKLIN C SMITH,

                Petitioner,

v.

LEVI DEMINGUEZ,

                Respondent.

Case No. 2:24-cv-00051-DGE-TLF

ORDER TRANSFERRING PETITION

Petitioner has presented to this Court for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner indicates in his petition that he is currently incarcerated pretrial in Sheridan County Jail in Sheridan, Wyoming. Dkt. 3-1 at 1. He indicates that he is challenging his detainment in that facility, where he is being held pursuant to municipal charges. *Id*. at 2.

Federal courts have authority to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). The court issuing the writ must have personal jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973).

Without personal jurisdiction, the court has no authority to direct the actions of the restraining authority. *Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999). The court has personal jurisdiction over the custodian if the court can reach the custodian by service of process. *Braden*, 410 U.S. at 495. Thus, where the petitioner names a

ORDER TRANSFERRING PETITION - 1

1 respondent who is outside the district court's territorial limits, the court lacks personal
2 jurisdiction to consider the petition. *See Malone*, 165 F.3d at 1237.
3     Here, petitioner has named Levi Dominguez, Sheriff of the Sheridan County Jail,
4 as respondent. Respondent is outside this District's territorial limits, and the Court lacks
5 jurisdiction over them. Accordingly, the Court does not have jurisdiction to consider this
6 petition.
7     If a petitioner files a habeas petition in a district court that lacks jurisdiction, that
8 court should transfer the petition to a court with jurisdiction "if it is in the interest of
9 justice." 28 U.S.C. § 1631; *see Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990).
10 Transfer is normally in the interest of justice because dismissing an action that could be
11 brought elsewhere is "'time-consuming and justice-defeating.'" *Id.* (quoting *Goldlawr,*
12 *Inc. v. Heiman*, 369 U.S. 463, 467 (1962).
13     The Court finds that it is in the interest of justice to transfer this case to the
14 District of Wyoming. A habeas petition is properly filed in either the district of conviction
15 or the district of confinement. 28 U.S.C. § 2241(d).
16     Accordingly, the Court hereby ORDERS as follows:

(1)    The Clerk shall TRANSFER this case to the District of Wyoming, in the interests of justice under 28 U.S.C. § 1631. The Clerk is directed to close this case and transfer all original documents to the District of Wyoming.

Dated this 14th Day of February, 2024.

Theresa L. Fricke
United States Magistrate Judge

ORDER TRANSFERRING PETITION - 2